1 | Brian S. Kabateck (SBN 152054)
bsk@kbklawyers.com
2 | Shant Karnikian (SBN 285048)
sk@kbklawyers.com
3 | Jerusalem F. Beligan (SBN 211258)
jfb@kbklawyers.com
4 | **KABATECK LLP**
633 W. Fifth Street, Suite 3200
5 | Los Angeles, CA 90071
Telephone: (213) 217-5000
6 |
7 | James L. Simon (*pro hac vice* forthcoming)        Michael L. Fradin (*pro hac vice* forthcoming)
james@bswages.com
8 | **THE LAW OFFICES OF SIMON &**        mike@fradinlaw.com
**SIMON**        8401 Crawford Ave., Ste. 104
9 | 5000 Rockside Road        Skokie, IL 60076
Liberty Plaza – Suite 520        Telephone: (847) 986-5889
   | Independence, OH 44131
10 | Telephone: (216) 525-8890

11 | *Attorneys for Plaintiff and the Putative Classes*

12 |

13 | **UNITED STATES DISTRICT COURT**

14 | **NORTHERN DISTRICT OF CALIFORNIA**

15 | **SAN JOSE DIVISION**

16 | Simone Franco de Andrade Boyce,        ) Case No. _____
individually and on behalf of herself and        )
17 | all others similarly situated,        )
        ) **COLLECTIVE AND CLASS**
18 |             Plaintiff,        ) **ACTION COMPLAINT**
        )
19 |        vs.        ) **CLASS ACTION**
        )
20 |        ) **DEMAND FOR JURY TRIAL**
Language Line Services, Inc., a Delaware        )
21 | corporation, On Line Interpreters, Inc., a        )
Delaware corporation, and DOES 1        )
22 | through 10, inclusive,        )
        )
23 |             Defendants.        )
        )
24 |        )
        )
25 |        )
        )
26 |        )
        )
27 | _____ )

28 |

Plaintiff Simone Franco de Andrade Boyce ("Plaintiff"), individually and on behalf of all other persons similarly situated, files this collective and class action complaint ("Complaint") against defendants Language Line Services, Inc. ("LLS"), On Line Interpreters, Inc. ("OLI") and DOES 1 through 10 (collectively, "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1.      The Complaint is brought as a collective action and class action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") and Fed. R. Civ. P. 23 ("Rule 23"), respectively. The claims in the Complaint are brought under the following federal and state statutes: (1) the FLSA; (2) California Labor Code §§ 201-203, 204, 226, 226.7, 510, 512, 1174, 1194, 1194.2, 1197, 2802, and applicable Industrial Welfare Commission Order ("Wage Order"); and (3) California Business & Profession § 17200, *et seq.* (the "UCL"). The claims are premised on Defendants' failure to pay Plaintiff and other similarly-situated employees (referred to herein as the "Collective Members" and "Class Members") all earned minimum and overtime wages, failure to provide compliant meal-and-rest periods, failure to furnish accurate wage statements, failure to reimburse reasonable and necessary business expenses, failure to pay all earned wages due upon separation, and violations of the UCL.

2.      Plaintiff, the Collective Members and the Class Members are current and former employees of Defendants. Plaintiff brings this Complaint on behalf of herself and all similarly-situated current and former Interpreters (also referred to as the "Covered Positions") of Defendants.[1]

3.      The Collective Members are all current and former Interpreters, or other

---

[1] For purposes of the Complaint, the term "Interpreters" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiff and the putative class, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

1  similarly titled employees, who were employed by Defendants starting three years
2  before this Complaint was filed, up to the present.

3      4.    The California Class Members are all current and former Interpreters, or
4  other similarly titled employees, who were employed by Defendants within the state of
5  California starting four years before this Complaint was filed, up to the present.

6      5.    Under the FLSA and California law, employers must pay all non-exempt
7  employees an overtime wage premium of pay one and one-half times their regular rates
8  of pay for all time they spend working over 40 hours in a workweek. Defendants failed
9  to pay Plaintiff, the Collective Members and the Class Members one and one-half times
10 their regular rate of pay for all time they spent working over 40 hours in a workweek.
11 Plaintiff therefore brings this Complaint as a class action and collective action under
12 Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for Defendants' violation of federal and
13 California law as detailed further below.

14     6.    In addition to the minimum protections of the FLSA, California law
15 requires employers to pay non-exempt employees an overtime wage premium of pay
16 one and on-half times their regular rate of pay for all time they spend working over 8
17 hours in a day.

18     7.    Under the FLSA, "[r]est periods of short duration, running from 5 minutes
19 to about 20 minutes. . . must be counted as hours worked." *See* 29 C.F.R. 785.18; *see*
20 *also Mauia v. Petrochem Insulation,* Inc., 5 F.4th 1068, 1074 (9th Cir. 2021). Defendants
21 violated the FLSA by routinely failing to pay Plaintiff, the Collective Members and the
22 Class Members for rest breaks shorter than 20 minutes.

23     8.    The wage requirements of the FLSA "will not be met where the employee
24 'kicks-back' directly or indirectly to the employer or to another person for the
25 employer's benefit the whole or part of the wage delivered to the employee." *See* 29
26 C.F.R. 531.35. "For example, if it is a requirement of the employer that the employee
27 must provide tools of the trade which will be used in or are specifically required for the

28

- 3 -

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Id*. Defendants violated the FLSA by requiring Plaintiff, the Collective Members and the Class Members to provide the internet service, internet equipment and replacement computer equipment necessary to complete their Interpreter job duties for Defendants while failing to reimburse Plaintiff, the Collective Members and the Class Members for the costs of the same.

9. Under California law and the applicable Wage Order, Defendants were required to pay Plaintiff and California Class Members an hourly wage for each and every hour worked. *See* Cal. Lab. Code §§ 200, 204, 1194, and 1198. During the California Class Period (as defined below), Plaintiff and California Class Members regularly and consistently worked before and after their shifts, including meal periods, for which they were not paid an hourly wage in violation of California Law.

10. Under California law and the applicable Wage Order, "[a]ny work in excess of [8] hours in one workday and any work in excess of 40 hours in any one workweek and the first [8] hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." *See* Cal. Lab. Code § 510(a). Further, "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." *Id*. During the California Class Period, Plaintiff and California Class Members regularly and consistently worked more than 8 hours in a day and more than 40 hours in a week for which they were not paid one and one-half times or double their regular of pay.

11. Under California law and the applicable Wage Order, Defendants were

**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

required to provide Plaintiff and California Class Members compliant meal periods. *See* Cal. Lab. Code §§ 226.6, 512; *see also* Wage Order 4 § 11. California law also requires Defendants to pay Plaintiff and California Class Members premium wages (at their regular rate of pay) when Defendants failed to provide Plaintiff and California Class Members compliant meal periods. Defendants violated California law by failing to provide Plaintiff and California Class Members off-duty, uninterrupted 30-minute meal breaks, free from employer control, for every 5 hours worked. Plaintiff and California Class Members regularly and consistently worked over 5 and 10 hours a day and were unable to take a first meal period or second meal period when they worked more than 10 hours in a day. On other occasions, Plaintiff and California Class Members' meal periods were cut short of 30 minutes, interrupted, or taken late. On other occasions, Plaintiff and California Class Members worked through their meal periods, but were neither paid an hourly wage for the time worked (as alleged above), nor were they paid a premium wage.

12.     Under California law and the applicable Wage Order, Defendants were required to provide Plaintiff and California Class Members compliant rest periods of at least 10 minutes, free from employer control, for every 4 hours worked or major fraction thereof. *See* Cal. Lab. Code § 226.7; *see also* Wage Order 4 § 12. Defendants violated California by not providing Plaintiff and California Class Members with 10 minute rest periods for every four hours worked or major fraction thereof. Plaintiff and California Class Members' rest breaks were regularly and consistently interrupted, less than 10 minutes, and/or not duty free. Plaintiff and California Class Members were not paid a premium wage (at their regular rate of pay) for these rest-period violations.

13.     Under California law, Defendants are required to provide Plaintiff and California Class Members, "semimonthly or at the time of each payment of wages," with accurate wage statements showing, among other things: "(1) gross wages earned, (2) total hours worked by the employee…, [3] net wages earned, … [4] the name and

**COLLECTIVE AND CLASS ACTION COMPLAINT | No. _____**

address of the legal entity that is the employer ..., and [5] all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee..." Cal. Lab. Code § 226(a). By failing to, among other things, include all hours worked in the wage statements, failing to accurately reflect all wages earned, failing to include premium wages for meal-and-rest period violations, and failing to include the correct name of the employer, Defendants knowingly and intentionally failed to provide Plaintiff and California Class Members with accurate wage statements. *See Naranjo v. Spectrum Security Services, Inc.*, 13 Cal.5th 93 (2022).

14.    Under California law, Defendants are required to adequately indemnify Plaintiff and California Class Members for employment-related business expenses. *See* Cal. Lab. Code § 2802. As alleged above, Plaintiff and California Class Members were required to provide internet services, internet equipment and replacement computer equipment necessary to complete their Interpreter job duties for Defendants. Defendants failed to reimburse Plaintiff and the California Class Members for these business expenses.

15.    Under California law, Defendants are required to pay Plaintiff and California Class Members their final wages immediately upon termination, or within 72 hours of voluntarily leaving employment. *See* Cal. Lab. Code §§ 201-203. As alleged above, Plaintiff and California Class Members worked hours for which they were not properly paid and therefore not paid all wages due upon separation. Accordingly, Plaintiff and California Class Members, who are former employees, are entitled to waiting-time penalties. *Id*.

16.    Under California law, Defendants' violations of the aforementioned California Labor Codes constitutes a violation of the UCL.

## **JURISDICTION AND VENUE**

17.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*, because this civil action arises under the laws of the United States.

**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

18.     Venue is proper in this district under 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff, Collective Members and Class Members occurred within this district.

19.     From approximately March 8, 2020 through approximately July 2020, Plaintiff was a resident of Calaveras County, California and performed work for Defendants within the state of California.

20.     From approximately July 2020 through December 17, 2021, Plaintiff was a resident of Tulare County, California and performed work for Defendants within the state of California.

21.     LLS and OLI are headquartered at 1 Lower Ragsdale Drive, Building 2, Monterey, California 93940. LLS and OLI regularly conduct business in and have engaged in the wrongful conduct alleged herein—and thus are subject to personal jurisdiction—in this judicial district.

22.     Plaintiff, the Collective Members, and the Class Members in their work for Defendants were employed by an enterprise engaged in commerce with annual gross sales of at least $500,000.

## DIVISIONAL ASSIGNMENT

23.     The San Jose Division is the appropriate division for this case, pursuant to Civil L.R. 3-2(c), because a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in the county of Monterey and LLS and OLI are headquartered in the City of Monterey, California.

## PARTIES

24.     At all times material to the matters alleged in this Complaint, Plaintiff is a former employee of Defendants.

25.     Plaintiff was a full-time employee of Defendants, who worked as an Interpreter within the state of California from approximately March 8, 2020 through approximately December 17, 2021.

**COLLECTIVE AND CLASS ACTION COMPLAINT** │ No. _____

26.    The Collective Members are all current and former Interpreters who worked for Defendants in the United States at any point in the three years preceding the filing of this Complaint to the present (the "FLSA Collective Period").

27.    The California Class Members are all current and former Interpreters who worked for Defendants in the state of California at any point in the four years preceding the filing of this Complaint to the present (the "California Class Period").

28.    The Collective and Class Members are non-exempt employees under the FLSA and California law and therefore entitled to minimum wage, overtime, compliant meal-and-rest periods, and reimbursement of reasonable and necessary business expenses.

29.    At all material times, LLS does business as Language Line Solutions.

30.    At all material times, Language Line Services, Inc. is a Delaware corporation duly licensed to transact business in the state of California, and is headquartered in Monterey, California.

31.    At all material times, OLI does business as On Line Interpreters.

32.    At all material times, On Line Interpreters, Inc. is a Delaware corporation duly licensed to transact business in the state of California, and is headquartered in Monterey, California.

33.    Under the FLSA and California law, Defendants are an employer. At all relevant times, Defendants had the authority to hire and fire employees, supervised and controlled the work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, it is subject to liability under the FLSA and California law.

34.    At all material times, Plaintiff, the Collective Members and Class Members were employees of Defendants as defined by the FLSA 29 U.S.C.

**COLLECTIVE AND CLASS ACTION COMPLAINT** │ No. _____

§ 203(e)(1)and California law.

35.    At all material times, Plaintiff, the Collective Members and Class Members were non-exempt employees under 29 U.S.C. § 213(a)(1)and California law.

36.    Plaintiff has given her written consent to be a named party in this action under 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

37.    The true names and capacities, whether individual, corporate, associate, representative, alter ego or otherwise, of defendants named in this action as DOES 1 through 10 inclusive are presently unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will seek to amend this Complaint to allege the true names and capacities of DOES 1 through 10 when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff and the Collective and Class Members for the events, happenings, and damages set forth below.

38.    Plaintiff is informed and believes, and based thereon alleges, that at all relevant times mentioned herein, Defendants acted as agents, employees, supervisors, partners, conspirators, servants and/or joint venturers of each other, and in doing the acts hereafter alleged, were acting within the course, scope, and authority of such agency, employment, partnership, conspiracy, enterprise and/or joint venture, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants

## FACTUAL ALLEGATIONS

39.    LLS and OLI provide remote translation and interpretation services to its clients worldwide.[2]

---

[2] *See* https://www.languageline.com/s/WhoWeAre  (last visited Dec. 9, 2022).

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

40.     The Collective Members are all current and former Interpreters who worked for Defendants nationwide during the FLSA Collective Period. The Collective Members are non-exempt from the FLSA's overtime requirements.

41.     The California Class Members are all current and former Interpreters who worked for Defendants in California during the California Class Period. The California Class members are non-exempt employees and therefore entitled to an hourly wage for each and every hour worked, overtime, compliant meal-and-rest periods, and reimbursement for all reasonable and necessary business expenses incurred.

42.     Plaintiff worked for Defendants as an Interpreter, providing two-way language interpretation for its clients. At all relative times, Plaintiff worked remotely from her residence in Calaveras County, California and then from her residence in Tulare County, California. The Collective and Class Members similarly work remotely using Defendants' propriety technology, hardware, and software.

43.     At all relevant times, Plaintiff was compensated on an hourly basis at a rate of approximately $15.00.

44.     At all relevant times, Plaintiff worked 40 hours or more per week. During every workweek, Plaintiff, the Collective Members and Class Members were paid on an hourly basis.

45.     Plaintiff, the Collective Members, and the Class Members performed their duties, work and provided their interpretation services for Defendants remotely. As part of this design, Defendants issue Plaintiff, the Collective Members and the Class Members computer, audio and video equipment for use in Plaintiff's, the Collective Members' and the Class Members' homes. This equipment contains Defendants' proprietary software programs which Plaintiff, the Collective Members and the Class Members must log on to perform their job functions for Defendants.

46.     At all relative times, Plaintiff, the Collective Members, and the Class

**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

Members have been subject to Defendants' policy of requiring Plaintiff, the Collective Members and the Class Members to spend time working before clocking in at the beginning of their shifts and after clocking out at the end of their shifts.

47.    Specifically, Plaintiff, the Collective Members, and the Class Members must set up the required equipment and perform quality checks before "clocking in." In addition, Plaintiff, the Collective Members and the Class Members are required to spend time booting up and logging into their computers before clocking in for their shifts. As a result, Plaintiff, the Collective Members and the Class Members were being required to perform pre-shift work for which they were not being compensated. Moreover, Plaintiff, the Collective Members and the Class Members are required to clock out at the end of their shift before logging off, shutting down their computers and cleaning equipment issued by Defendants. As a result, Plaintiff, the Collective Members and the Class Members were being required to perform post-shift work for which they were not being compensated.

48.    As a result of the pre- and post-shift work, Plaintiff, the Collective Members and the Class Members typically spend at least 15 minutes or more each shift that goes completely uncompensated, whether at a regular rate of pay or an overtime rate of pay. In all instances, Defendants' failure to compensate Plaintiff, the Collective Members and the Class Members for such time violates the minimum wage provisions of the FLSA and California law. In all instances wherein Plaintiff, the Collective Members and the Class Members work over 40 hours in a workweek, Defendants' failure to compensate Plaintiff, the Collective Members and the Class Members for such time violates the overtime provisions of the FLSA and California law. In all instances wherein Plaintiff and California Class Members worked more than 8 hours in, but not over 40 hours in a workweek, Defendants' failure to compensate Plaintiff and the California Class Members for such time violates the overtime provisions of California law.

COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____

49.    Plaintiff, the Collective Members and the Class Members are only "clocked-in" and compensated when they are logged into Defendants' proprietary software system. Anytime that Plaintiff, the Collective Members and the Class Members need to take a rest or meal break, they must log out of Defendants' proprietary software system. As a result, Plaintiff, the Collective members and the Class Members are not paid for rest breaks of 20 minutes or less.

50.    Defendants' failure to pay Plaintiff, the Collective Members and the Class Members for rest breaks of 20 minutes or less violates the minimum wage provisions of the FLSA and California law in all instances. In all instances wherein Plaintiff, the Collective Members and the Class Members worked over 40 hours in a workweek, Defendants' failure to compensate Plaintiff, the Collective Members and the Class Members for any break of 20 minutes or less violates the overtime provisions of the FLSA and California law. In all instances wherein Plaintiff and California Class Members worked more than 8 hours in, but not over 40 hours in a workweek, Defendants' failure to compensate Plaintiff and the California Class Members for any break of 20 minutes or less violates the overtime provisions of California law.

51.    Defendants employed Plaintiff and California Class Members for work periods of more than 5 and 10 hours a day, entitling them to first and second meal periods of at least 30 minutes each. Defendants, however, failed to provide Plaintiff and California Class Members duty-free meal periods of at least 30 minutes for every five hours worked. As a result, Plaintiff and California Class Members missed their meal periods, worked through the meal periods, the meal periods were interrupted, or were taken late. By failing to provide Plaintiff and California Class Members with 30-minute, off duty, compliant meal breaks for every five hours worked, Defendants owe Plaintiff and California Class Members premium wages (at their regular rate of pay) for these meal period violations.

52.    Defendants employed Plaintiff and California Class Members for work

1    periods of four hours or more without rest periods of at least 10 minutes of rest time

2    for every four hours worked, or major fraction thereof. In addition, the rest breaks were

3    regularly interrupted, less than 10 minutes, and/or on duty. By failing to provide

4    Plaintiff and California Class Members with 10-minute, off duty, compliant rest breaks

5    for every four hours worked or major fraction thereof, Defendants owe Plaintiff and

6    California Class Members premium wages (at their regular rate of pay) for these rest

7    period violations.

8         53.    By failing to provide Plaintiff and California Class Members wage

9    statements showing all hours worked, all wages earned, including meal-and-rest

10   premiums for meal and rest period violations, the correct name of the entity that

11   employs them, and the correct hourly rates for each hour worked, Defendants

12   knowingly and intentionally violated California Labor Code §§ 226, 1174(d), 1198 and

13   Wage Order No. 4. *See also Naranjo,* 13 Cal.5th 93, (2022).

14        54.    Defendants require Plaintiff, the Collective Members and the Class

15   Members to supply their own highspeed internet, routers, modems and replacement

16   computer equipment which are necessary for the Plaintiff, the Collective Members and

17   the Class Members to perform their job duties for Defendants. However, Defendants

18   fail to reimburse Plaintiff, the Collective Members and the Class Members for these

19   business expenses required by Defendants. As a result, Defendants have violated the

20   FLSA and California law.

21        55.    Defendants failed to pay Plaintiff and California Class Members all wages

22   due to them immediately upon termination, or within 72 hours of voluntarily leaving

23   employment. Thus, Defendants violated California Labor Code §§ 201-203.

24        56.    As alleged herein, Defendants' violations of the FLSA and California's

25   labor laws constitute an unfair, fraudulent or unlawful business practice under the

26   UCL.

27   ///

28

**COLLECTIVE AND CLASS ACTION COMPLAINT** │ No. _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COLLECTIVE ACTION ALLEGATIONS**

57.    Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

58.    Plaintiff brings this action under 29 U.S.C. § 216(b) on her own behalf, and as a representative on behalf of individuals similarly situated, who are current or former Interpreters employed by Defendants.

59.    Defendants subjected all its Interpreters, including Plaintiff and the Collective Members, to its policy and practice of not paying them minimum wage or overtime for all time spent setting up equipment; booting up computers and launching software; logging out of software; shutting down computers; taking down audio and video equipment; and cleaning and maintaining equipment in violation of 29 U.S.C. §§ 206 and 207.

60.    Defendants subjected all its Interpreters, including Plaintiff and the Collective Members, to its policy of failing to pay Plaintiff and the Collective Members for all breaks of 20 minutes or less in violation of 29 U.S.C §§ 206 and 207.

61.    Defendants subjected all its Interpreters, including Plaintiff and the Collective Members, to its policy of requiring Plaintiff and the Collective Members to provide highspeed internet service, equipment and replacement computer equipment without reimbursing Plaintiff and the Collective Members for same.

62.    Plaintiff's claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

63.    The Collective Members perform or have performed the same or similar work as Plaintiff.

64.    Defendants' failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices, and does

- 14 -

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

1  not depend on the personal circumstances of Plaintiff or the Collective Members.

2  65.     Although the exact amount of damages may vary among the Collective

3  Members, the damages for the Collective Members can be easily calculated by a simple

4  formula. The claims of all Collective Members arise from a common nucleus of facts.

5  Liability is based on a systematic course of wrongful conduct by Defendants that caused

6  harm to the Collective Members.

7  66.     As such, Plaintiff brings her FLSA minimum wage and overtime claims

8  as a collective action on behalf of the following FLSA class:

9
> **All of** Defendants's **current and former Interpreters**
> **and those with similar job duties, but different titles,**
> **who worked for** Defendants **during the FLSA**
> **Collective Period.**

10

11

12  67.     Defendants' unlawful conduct, as described herein, is pursuant to

13  Defendants' corporate policy or practice of minimizing labor costs by refusing and/or

14  failing to properly compensate its employees according to the FLSA.

15  68.     Defendants are aware or should have known federal law prohibited it from

16  not paying Plaintiff and the Collective Members all minimum wage and overtime as

17  detailed herein.

18  69.     Defendants' unlawful conduct has been widespread, repeated, and

19  consistent.

20  70.     This action is properly brought and maintained as an opt-in collective

21  action under 29 U.S.C. § 216(b).

22  71.     Upon information and belief, the individuals similarly situated to Plaintiff

23  includes hundreds, and possibly thousands, of Interpreters currently and/or formerly

24  employed by Defendants. Plaintiff cannot state the precise number of similarly-

25  situated employees because that information is solely in Defendants' possession,

26  custody, or control, but it can be readily ascertained from its employment records.

27  72.     Notice can be provided to the Collective Members by First Class Mail to

28

**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

the last address known to Defendants, via email at the last known email address known to Defendants, and by text message to the last known telephone number known to Defendants.

### RULE 23 CLASS DEFINITION AND ALLEGATIONS

73.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74.    **California Rule 23 Class.** Plaintiff brings Claims for Relief in violation of California wage-and-hour laws as a class action under Rule 23(a), (b)(2) and (b)(3). Plaintiff brings these claims on behalf of herself and all members of the following California Rule 23 Class:

> **All of** Defendants' **current and former Interpreters and those with similar job duties, but different titles, who worked for** Defendants **within California during the California Class Period.**

75.    In the alternative, and for the convenience of this Court and the parties, Plaintiff may seek to certify subclasses at the time the motion for class certification is filed.

76.    **Numerosity (Rule 23(a)(1)).** The Class Members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that Defendants employed greater than 100 people who satisfy the definition of the Class Members.

77.    **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).** Common questions of law and fact exist as to Plaintiff and the Class Members including, but not limited to, the following:

> a.  whether Defendants violated California law by failing to pay California Class Members at the least the minimum wage for all hours worked;
>
> b.  whether Defendants violated California law by failing to pay

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

California Class Members overtime compensation for all overtime hours worked;

c.  whether Defendants violated California law by failing to provide California Class Members first and second meal periods of at least 30-minutes when the shifts exceeded 5 and 10 hours of work, and not compensating employees with one hour of pay at the employees' regular rate of compensation for each workday that meal periods were not provided;

d.  whether Defendants violated California law by failing to provide California Class Members daily rest periods of 10 minutes per 4 hours or major fraction thereof worked when the shift exceeded three-and-a half hours and by failing to compensate employees one hour's wages in lieu of rest periods;

e.  whether Defendants violated California law by failing to provide Rule 23 California Class Members accurate wage statements;

f.  whether Defendants violated California law by failing to reimburse California Class Members all reasonable and necessary business expenses incurred;

g.  whether Defendants violated California law by failing to timely pay California Class Members all earned wages and final paychecks due at the time of separation of employment;

h.  whether Defendants' practices constitute an unfair, fraudulent, or unlawful business practice under the UCL;

i.  whether Defendants unlawfully failed to keep and maintain accurate and true records of the hours worked by the Class Members as required by applicable law; and

j.  The damages sustained and the proper measure of restitution

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

1

recoverable by the Class Members.

2

78.     **Typicality (Rule 23(a)(3)).** Plaintiff's claims are typical of the Class

3 Members' claims. Plaintiff, like the Class Members, was subjected to Defendants'

4 illegal scheme to maximize profits by depriving its employees of minimum wage and

5 overtime compensation, compliant meal-and-rest periods, accurate wage statements,

6 and shifting the cost of business expenses from itself to the Class Members.

7

79.     **Adequacy (Rule 23(a)(4)).** Plaintiff will fairly and adequately represent

8 and protect the interests of the Class Members. Plaintiff has retained counsel

9 competent and experienced in complex class actions, the FLSA, and state labor and

10 employment litigation.

11

80.     **Injunctive and Declaratory Relief (Rule 23(b)(2)).** Class certification

12 of the Rule 23 claims is appropriate under Rule 23(b)(2) because Defendants acted or

13 refused to act on grounds generally applicable to the Class Members, making

14 appropriate declaratory relief with respect to the Class Members as a whole.

15

81.     **Predominance and Superiority of Class Action (Rule 23(b)(3)).**

16 Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because

17 questions of law and fact common to the Class Members predominate over questions

18 affecting only individual members of the classes, and because a class action is superior

19 to other available methods for the fair and efficient adjudication of this litigation.

20 Defendants' common and uniform policies and practices illegally deprived Plaintiff and

21 all similarly situated employees of wages; thus, making the question of liability and

22 damages much more manageable and efficient to resolve in a class action, compared to

23 hundreds of individual trials. The damages suffered by individual Class Members are

24 small compared to the expense and burden of individual prosecution. In addition, class

25 certification is superior because it will obviate the need for unduly duplicative litigation

26 that might result in inconsistent judgments about Defendants' practices.

27

82.     Plaintiff intends to send notice to all Class Members to the extent required

28

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

by Rule 23.

**COUNT ONE: FAIR LABOR STANDARDS ACT**

**OFF-THE-CLOCK WORK**

**(Brought by Plaintiff on Behalf of Herself and Members of the Collective**

**Class Against all Defendants)**

83.     Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

84.     Defendants have a consistent, enterprise-wide policy of requiring Plaintiff and the Collective Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff and the Collective Members their regular rate of pay for all non-overtime hours worked, and one and one-half times their regular hourly rate for all the time they worked over 40 hours in a workweek.

85.     Plaintiff and the Collective Members perform their duties and provide their interpretation services for Defendants remotely. As part of this design, Defendants issue Plaintiff and the Collective Members computer, audio and video equipment for use in Plaintiff's and the Collective Members' homes. This equipment contains its proprietary software programs which Plaintiff and the Collective Members must log on to perform their job duties.

86.     At all relative times, Plaintiff and the Collective Members have been subject to Defendants' policy of requiring Plaintiff and the Collective Members to spend time working before clocking in at the beginning of their shifts and after clocking out at the end of their shifts.

87.     Specifically, Plaintiff and the Collective Members must set up the required equipment and perform quality checks before being "clocked in" and therefore perform uncompensated work. Moreover, Plaintiff and the Collective Members are required to spend time booting up and logging into their computers before clocking in for their shift and required to clock out at the end of their shift before logging off,

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

shutting down their computers and cleaning and maintaining the equipment issued by Defendants.

88.     As a result, Plaintiff and the Collective Members typically spend at least 15 minutes or more each shift that goes completely uncompensated. In all instances, Defendants' failure to compensate Plaintiff and the Collective Members for such time violates the minimum wage provisions of the FLSA, 29 U.S.C. § 206. In all instances wherein Plaintiff and the Collective Members work over 40 hours in a workweek, Defendants' failure to compensate Plaintiff and the Collective Members for such time violates the overtime provisions of the FLSA, 29 U.S.C. § 207.

89.     Defendants locked Plaintiff out of its electronic time and pay recordkeeping system following the conclusion of her employment with Defendants. As such, Plaintiff does not have access to her time and pay records. Plaintiff has requested that Defendants provide her with her time and pay records, but Defendants have failed or refused to do so.

90.     Nonetheless, upon information and belief, to the best of Plaintiff's recollection, and strictly for the purposes of providing an example, during the workweek beginning November 2, 2020 and ending November 8, 2020, Defendants recorded and paid Plaintiff for more than 40 hours worked. During that pay period, Plaintiff worked no less than 75 minutes that was not recorded or compensated by Defendants whatsoever.

91.     As a result, Defendants did not pay Plaintiff minimum wage as required by the FLSA for no less than 75 minutes that were worked between November 2, 2020 and November 8, 2020.

92.     Because Plaintiff worked in excess of 40 hours in the workweek spanning from November 2, 2020 through November 8, 2020, Defendants likewise failed to pay Plaintiff for no less than 75 minutes of overtime at one-and-one-half times her regular rate of pay as required by the overtime provisions of the FLSA.

**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

93.     Although at this stage, Plaintiff and the Collective Members cannot state the exact amount owed for all time worked during their employment, Plaintiff and the Collective Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

94.     Defendants knew, or acted with reckless disregard, that its refusal or failure to properly compensate Plaintiff and the Collective Members during their employment would violate the FLSA, and Defendants knew the FLSA's minimum wage and overtime requirements. As such, Defendants' conduct constitutes a willful violation of the FLSA.

95.     As a result of Defendants' failure or refusal to pay Plaintiff and the Collective Members for all hours worked, and Defendants' failure or refusal to pay Plaintiff and the Collective Members one and one-half times their regular rate of pay for all hours worked over 40 hours in any workweek, Defendants violated 29 U.S.C. §§ 206 and 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of all unpaid minimum wages and one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT TWO: FAIR LABOR STANDARDS ACTS

### UNLAWFUL UNPAID BREAKS

**(Brought by Plaintiff on Behalf of Herself and Members of the Collective Class Against all Defendants)**

96.     Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

97.     Under the FLSA, "[r]est periods of short duration, running from 5 minutes to about 20 minutes. . . must be counted as hours worked." *See* 29 C.F.R. 785.18; *see*

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

*also Mauia v. Petrochem Insulation,* Inc., 5 F.4th 1068, 1074 (9th Cir. 2021). Defendants violated the FLSA by routinely failing to pay Plaintiff and the Collective Members for rest breaks shorter than 20 minutes.

98.     Plaintiff, the Collective Members, and the Class Members are only "clocked-in" and compensated when they are logged into Defendants' proprietary software system. Anytime that Plaintiff, the Collective Members and the Class Members need to take a rest or meal break, they must log out of Defendants' proprietary software system. As a result, Plaintiff, the Collective members and the Class Members are not paid for rest breaks of 20 minutes or less.

99.     Defendants' failure to pay Plaintiff and the Collective Members for breaks of 20 minutes or less violates the minimum wage provisions of the FLSA in all instances. In all instances wherein Plaintiff and the Collective Members worked over 40 hours in a workweek, Defendants' failure to compensate Plaintiff and the Collective Members for missed breaks and/or any unscheduled break of 20 minutes or less violates the overtime provisions of the FLSA.

100.     Although Plaintiff does not have access to her time punch records, Plaintiff has knowledge and belief that during the workweek beginning November 2, 2020 and ending November 20, 2020, Plaintiff took approximately 10 rest breaks of 20 minutes or less for which she was not paid. As result of Defendants' failure to pay Plaintiff for these approximately 10 rest breaks during this pay period, Defendants violated both the minimum wage and overtime wage requirements of the FLSA.

101.     Defendants are in possession of all of the time punch records which Plaintiff does not have access to at this time. Upon information and belief, these records will evidence all of the breaks for which Plaintiff and the Collective Members were paid, and all of the breaks for which Plaintiff and the Collective Members were not paid. Upon information and belief, these time punch records should be readily available in discovery.

**COLLECTIVE AND CLASS ACTION COMPLAINT** │ No. _____

102.   Although at this stage, Plaintiff and the Collective Members cannot state the exact amount owed for all time worked during their employment, Plaintiff and the Collective Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

103.   Defendants knew, or acted with reckless disregard, that its refusal or failure to properly compensate Plaintiff and the Collective Members during their employment would violate the FLSA, and Defendants knew the FLSA's minimum wage and overtime requirements. As such, Defendants' conduct constitutes a willful violation of the FLSA.

104.   As a result of Defendants' failure or refusal to pay Plaintiff and the Collective Members their regular rate of pay for all hours worked and one and one-half times their regular rate of pay for all hours worked over 40 hours in any workweek, Defendants violated 29 U.S.C. §§ 206 and 207. Plaintiff and the Collective Members are therefore entitled to compensation for unpaid wages at their regular rate of pay for non-overtime hours worked and one and one-half times their regular rate of pay for unpaid overtime hours, to be proven at trial, plus an equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

<u>**COUNT THREE: FAIR LABOR STANDARDS ACT**</u>

**IMPROPER KICKBACKS**

**(Brought by Plaintiff on Behalf of Herself and Members of the Collective Class Against all Defendants)**

105.   Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

106.   The wage requirements of the FLSA "will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the

employer's benefit the whole or part of the wage delivered to the employee." *See* 29 C.F.R. 785.18. "For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Id.*

107.    Defendants requires Plaintiff and the Collective Members to supply their own highspeed internet service, internet equipment and replacement computer equipment. However, Defendants fail to reimburse Plaintiff and the Collective Members for such required service and equipment. As such, Defendants have violated the overtime provisions of the FLSA.

108.    Defendants locked Plaintiff out of its electronic time and pay recordkeeping system following the conclusion of her employment with Defendants. As such, Plaintiff does not have access to her time and pay records. Plaintiff has requested that Defendants provide her with her time and pay records, but Defendants have failed or refused to do so.

109.    Nonetheless, upon information and belief, to the best of Plaintiff's recollection, and strictly for the purposes of providing an example, during the workweek beginning November 2, 2020 and ending November 8, 2020, Defendants paid Plaintiff at one-and-one-half times her base hourly wage for approximately ten (10) hours of overtime. During that pay period, Plaintiff worked no less than 75 minutes that was not recorded or compensated by Defendants whatsoever. However, by requiring Plaintiff to pay for the highspeed internet service necessary to perform her job duties for Defendants, Defendants required Plaintiff to "kickback" the overtime premiums that were to be paid to Plaintiff "free and clear" in violation of the FLSA.

110.    Although at this stage, Plaintiff and the Collective Members cannot state the exact amount owed for all time worked during their employment, Plaintiff and the

**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

Collective Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

111.   Defendants knew, or acted with reckless disregard, that its refusal or failure to properly compensate Plaintiff and the Collective Members during their employment would violate the FLSA, and Defendants knew the FLSA's overtime requirements. As such, Defendants' conduct constitutes a willful violation of the FLSA.

112.   As a result of Defendants' failure to reimburse Plaintiff and the Collective Members for their internet service, internet equipment and replacement computer equipment, Defendants violated the minimum wage and overtime provisions of the FLSA. Plaintiff and the Collective Members are therefore entitled to minimum wage and overtime compensation, to be proven at trial, plus an equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT FOUR: VIOLATION OF CALIFORNIA'S MINIMUM WAGE REQUIREMENTS

### (Cal. Lab. Code §§ 200, 218 and 1194)

### (Brought by Plaintiff on Behalf of Herself and Members of the California Rule 23 Class Against all Defendants)

113.   Plaintiff realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

114.   In addition to the FLSA, Plaintiff seeks to represent the proposed California Rule 23 Class as a basis to enforce equal or greater protections for wages owed that are offered by various California labor laws and local regulations as set forth herein. Because the practices alleged herein are uniform, systematic and continuous and affect each member of the California Rule 23 Class in a legally identical way, Plaintiff, at the appropriate time, will move to certify the California Class to the extent

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

1   permitted by Rule 23.

2       115.   Under Labor Code § 1194, employees must be separately paid an hourly

3   wage for each and every hour worked. *Balasanyan v. Nordstrom, Inc.,* 913 F.Supp.2d

4   1001, 1007 (S.D. Cal. Dec. 20, 2012). A California employer cannot average an

5   employee's compensation over the total number of hours worked to determine

6   compliance with minimum wage obligations. *Armenta v. Osmose, Inc.,* 135 Cal.App.4th

7   314, 323-324 (2005) (employees must be compensated the minimum wage for "non-

8   productive time"); *Cardenas v. McLane FoodServices, Inc.,* 796 F.Supp.2d 1246, 1252-

9   1253 (C.D. Cal. Jul. 8, 2011) (employees must be paid a separate hourly rate for pre-

10   and-post shift duties not covered by the piece-rate formula); *Balasanyan, supra,* 913

11   F.Supp.2d at p. 1007; *Gonzalez v. Downtown LA Motors, LP,* 215 Cal.App.4th 36, 48-

12   49 (2013) (employees paid on a piece-rate basis must be paid a separate hourly rate for

13   "non-repair tasks"). "The *Armenta* line of cases is quite clear: employees must be

14   directly compensated at least minimum wage for all time spent on activities that do

15   not allow them to *directly* earn wages." *Balasanyan, supra,* 913 F.Supp.2d at 1007

16   (emphasis added). And more recently, the California Supreme Court held that

17   commissions earned in one pay period cannot be reassigned to other pay periods to

18   meet California's strict wage and hour requirements. *Peabody v. Time Warner Cable,*

19   *Inc.*, 174 Cal.Rptr.3d 287 (2014), 328 P.3d 1028 (2014).

20       116.   Plaintiff and the proposed Rule 23 California Class were at all times

21   subject to California's laws and regulations protecting the employees' entitlement to be

22   paid and presumption to be paid an hourly wage for each and every hour worked.

23       117.   As set forth above, California law requires employers, such as Defendants,

24   to pay a separately hourly wage to all nonexempt employees for each and every hour

25   worked. Labor Code § 1194 provides that employees are entitled to wages and

26   compensation for work performed, at the legal rate, including straight time, overtime,

27   and double time.

28

**COLLECTIVE AND CLASS ACTION COMPLAINT** │ No. _____

118.   Labor Codes §§ 218, 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal wage may recover the unpaid balance and together with attorney's fees and costs of suit, as well as liquidated damages in an amount equal to the wages unpaid and interest thereon.

119.   At all relevant times herein, Defendants were required to compensate Plaintiff and the members of the California Rule 23 Class for all hours worked pursuant to Labor Code § 1194.

120.   By uniformly and consistently failing to pay members of the California Rule 23 Class for pre- and post-shift work, rest periods, and time during which employees were not provided duty-free, uninterrupted meal periods, Defendants violated the minimum wage requirements as set forth in Labor Code §§ 218 and 1194.

121.   Plaintiff is informed and believes and based thereupon allege that the result of the unlawful and illegal policy and practice caused damage in the nonpayment of minimum wages to Plaintiff and the proposed California Rule 23 Class, in an amount according to proof at trial.

122.   Plaintiff is informed and believes that the nonpayment of wages is fixed and ascertainable on a classwide basis such that prejudgment interest on those wages is recoverable.

123.   Plaintiff is informed and believes that the nonpayment of minimum wages for all hours worked also entitles Plaintiff and the proposed California Rule 23 Class to attorneys' fees and costs, and liquidated damages in an amount equal to the amount unlawfully unpaid according to Labor Code § 1194.2

**COUNT FIVE: VIOLATION OF CALIFORNIA'S OVERTIME LAWS**

**(Cal. Lab. Code §§ 510 and 1194)**

**(Brought by Plaintiff on Behalf of Herself and Members of the California Rule Class Against all Defendants)**

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

124.   Plaintiff realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

125.   In addition to the FLSA, Plaintiff seeks to represent the proposed California Rule 23 Class as a basis to enforce equal or greater protections for wages owed that are offered by California labor laws and local regulations as set forth herein. Because the practices alleged herein are uniform, systematic and continuous and affect each proposed member of the California Rule 23 Class in a legally identical way, Plaintiff, at the appropriate time will move to certify the California Class to the extent permitted by Rule 23.

126.   Plaintiff and the proposed California Rule 23 Class were at all times subject to state laws and regulations protecting the employees' entitlement to be paid and presumption to be paid overtime wages for requisite hours worked beyond a normal work day or a normal work week, as specified, without limitation, by Cal. Labor Code §§ 510, 1194 and applicable Wage Order.

127.   During the California Class Period, Plaintiff and members of the California Rule 23 Class were primarily engaged in non-exempt duties. Plaintiff and members of the California Rule 23 Class were neither managers, administrative, nor professional employees. No known exemptions to overtime apply to Plaintiff or members of the California Rule 23 Class. Accordingly, Plaintiff and members of the California Rule 23 Class were entitled to overtime during the California Class Period.

128.   California law requires employers, such as Defendants, to pay overtime compensation to all nonexempt employees for all hours worked over 40 hours per week, or over 8 hours per day. Labor Code § 204 establishes the fundamental right of all employees in California to be paid wages, including straight time and overtime, in a timely fashion for their work. This precludes any waiver for unpaid due and owing wages that remain unpaid at the time of separation.

**COLLECTIVE AND CLASS ACTION COMPLAINT** │ No. _____

129.   Labor Code § 510(a) states: "Any work in excess of [8] hours in one workday and any work in excess of 40 hours in any one workweek and the first [8] hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

130.   Throughout the California Class Period, as alleged above, Plaintiff and members of the California Class worked in excess of 8 hours in a workday and/or 40 hours in a workweek. During the California Class Period, Defendants did not pay Plaintiff and members of the California Class overtime pay for all overtime hours worked.

131.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and members of the California Rule 23 Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## COUNT SIX: VIOLATION OF CALIFORNIA'S MEAL-AND-REST PERIOD REQUIREMENTS

**(Cal. Lab. Code §§ 226.7, 512 and Applicable Wage Order)**

**(Brought by Plaintiff on Behalf of Herself and Members of the California Rule 23 Class)**

132.   Plaintiff realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

133.   Labor Code § 226.7(b) provides, in pertinent part, that "[a]n employer shall not require an employee to work during a meal or rest or recovery period

- 29 -

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission …"

134.   Labor Code § 512(a) provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

135.   Labor Code § 512(a) further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

136.   Section 11(A) of the applicable Wage Order provides that "[u]nless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked." An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. "The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

137.   Section 11(B) of the Wage Order provides that "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

138.   Plaintiff and the members of the California Rule 23 Class consistently worked over five hours, and ten hours, per shift and therefore were entitled to a first and second meal period of not less than 30 minutes prior to exceeding fifth and tenth

**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

hour of work.

139.   Plaintiff and members of the California Rule 23 Class did not waive their meal periods by mutual consent with Defendants or otherwise.

140.   Plaintiff and members of the California Rule 23 Class did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

141.   Similarly, Plaintiff and members of the proposed California Rule 23 Class were entitled to be authorized and permitted paid, duty-free, uninterrupted 10 minute rest periods for every 4 hours worked (or every major fraction thereof) or be paid for one hour of "premium wage" at the employee's regular rate of pay for each day that a rest period was not authorized, permitted or otherwise compliant with applicable law.

142.   As alleged above, Defendants failed to comply with the required meal periods and rest periods established by Labor Code §§ 226.7, 512, 516 and Section 11 and 12 of the applicable Wage Order. Defendants did not provide compliant meal periods and, as a result, Plaintiff and members of the California Rule 23 Class missed their meal periods, took short meal periods, and/or took late meal periods. In addition, the meal periods that Plaintiff and members of the California Rule 23 Class did take were not duty free and free from employer control. Defendants further did not authorize or permit compliant rest periods for every four hours worked, or major fraction thereof, nor did it pay a "premium wage" for missed, short, late or interrupted rest periods.

143.   Pursuant to Section 11(B) and Section 12 of the applicable Wage Order and Labor Code §226.7(c)—which states "[i]f an employer fails to provide an employee a meal or rest … period in accordance with a state law …, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest … period is not provided"—Plaintiff and the members of the California Rule 23 Class are entitled to damages in an amount equal to one additional hour of pay at each employee's regular rate of compensation for each

work day that the meal or rest period was not provided, in a sum to be proven at trial.

144. Pursuant to Labor Code § 218.6 and Civil Code § 3287, Plaintiff and the members of the California Rule 23 Class seek recovery of prejudgment interest on all amounts recovered herein.

145. Plaintiff limits the recovery of "premium wages" to one hour of pay per day for any missed, short, late, or uninterrupted meal period and to one hour of pay per day for any missed, short, late, or uninterrupted rest period, as demonstrated by the Division of Labor Standards Enforcement Policy Manual guidelines, for a maximum recovery of two premium wages payment per employee per day.

## COUNT SEVEN: VIOLATION OF CALIFORNIA'S WAGE STATEMENT REQUIREMENTS

### (Cal. Lab. Code §§ 226, 1174(d), and 1198; Wage Order No. 4)

**(Brought by Plaintiff on Behalf of Herself and Members of the California Rule 23 Class)**

146. Plaintiff and California Rule 23 Class Members reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

147. Labor Code § 226(a) requires Defendants, "semimonthly or at the time of each payment of wages," to furnish their workers with "an accurate itemized statement in writing" showing gross and net wages earned, total hours worked by the employee, rates of pay, and the correct entity that employs them. Defendants knowingly and intentionally failed to provide its workers with such timely and accurate wage-and hour statements."

148. California Rule 23 Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide their workers with the wage-and-hour statements required by law.

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

149.   Under Labor Code § 226€ and (t), and based on Defendants' conduct as alleged herein, California Rule 23 Class Members are entitled to (a) $50 for the initial pay period in which a wage and hour statement violation occurred, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000; (b) injunctive relief to ensure Defendants' compliance with Labor Code § 226; and (c) an award of costs and reasonable attorney's fees.

150.   Moreover, as a result of Defendants' conduct, California Rule 23 Class Members have suffered actual damages in that, among other things, the lack of accurate wage statements hindered them from determining the correct amount of wages owed to them and what legal entity employed them. The absence of accurate wage statements has caused California Rule 23 Class Members time, money, and energy in attempting to reconstruct time and pay records and resulted in the submission by Defendants of inaccurate information about hours worked and wages earned. As a result of Defendants' failure to provide California Rule 23 Class Members with timely and accurate wage statements, they are entitled to recover the aggregate sum according to proof, of all actual damages they suffered.

151.   Defendants' conduct also entitles California Rule 23 Class Members to seek preliminary and permanent injunctive relief including, but not limited to, an order that is issue wage-and-hour statements to their workers that comply with Labor Code § 226.

## COUNT EIGHT: FAILURE TO ADEQUATELY INDEMNIFY EMPLOYEES FOR EMPLOYMENT-RELATED EXPENDITURES

### (Cal. Lab. Code § 2802)

### (Brought by Plaintiff on Behalf of Herself and Members of the California Rule 23 Class)

152.   Plaintiff hereby incorporates by reference each and every other paragraph in this Complaint as if fully pled herein.

- 33 -

COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____

153.   Plaintiff and members of the California Rule 23 Class have been employed by Defendants in the State of California. California law requires that Defendants indemnify their employees for all necessary expenditures or losses incurred by the employee in discharge of his or her duties or at the obedience of the directions of the employer. Moreover, an employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee. *See* Cal. Lab. Code § 2802.

154.   Defendants have violated Labor Code § 2802 by failing to indemnify Plaintiff and members of the California Rule 23 Class necessary expenditures they incurred in the discharge of their duties. Specifically, Defendants employed a policy, practice, and procedure whereby Plaintiff and similarly situated employees were required to supply their own highspeed internet service, internet equipment and replacement computer equipment.

155.   Moreover, Defendants employed policies and procedures which ensured Plaintiff and the members of the California Rule 23 Class would not receive indemnification for their employment-related expenses. This practice resulted in Plaintiff and members of the California Rule 23 Class not receiving such indemnification in compliance with California law.

156.   Because Defendants failed to properly indemnify employees for the necessary expenditures incurred in the discharge of their duties, they are liable to Plaintiff and the members of the California Rule 23 Class for monies to compensate them for the use of the employment-related expenses they incurred under Labor Code § 2802.

157.   As a direct and proximate result of Defendants' violation of Labor Code § 2802, Plaintiff and members of the California Rule 23 Class have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of herself and on behalf of the California Rule 23 Class, seek damages and all other relief allowable including indemnification for all employment-

**COLLECTIVE AND CLASS ACTION COMPLAINT** │ No. _____

related expenses and ordinary business expenses incurred by Defendants and passed onto Plaintiff and the members of the California Rule 23 Class pursuant to Labor Code § 2802.

158.   Pursuant to Labor Code § 2802, Plaintiff and members of the California Rule 23 Class are entitled to recover full indemnification of unreimbursed business expenses, reasonable attorney's fees and costs of suit.

## COUNT NINE: FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT

### (Cal. Lab. Code §§ 201-203)

### (Brought by Plaintiff on Behalf of Herself and Members of the California Rule 23 Class)

159.   Plaintiff hereby incorporates by reference each and every other paragraph in this Complaint as if fully pled herein.

160.   At all times relevant to this Complaint, Plaintiff and members of the California Rule 23 Class were employees of Defendants, covered by California Labor Code §§ 201-203.

161.   Pursuant to California Labor Code §§ 201-203, Plaintiff and members of the California Rule 23 Class were entitled upon separation of employment to timely payment of all wages earned and unpaid prior to separation. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

162.   Defendants failed to pay Plaintiff and members of the California Rule 23 Class all wages earned and unpaid prior to separation of employment, in accordance with either California Labor Code §§ 201-203. Specifically, in direct violation of Labor

COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____

Code §§ 201-203, despite that Plaintiff's employment relationship with Defendants terminated, Defendants failed to timely pay Plaintiff all her earned wages in her final paycheck. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained a policy or practice of not paying hourly employees all earned wages timely upon separation of employment.

163.    Defendants' failure to pay Plaintiff and members of the California Rule 23 all wages earned prior to separation of employment timely in accordance with California Labor Code §§ 201 and 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation of employment in accordance with California Labor Code §§ 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of California Labor Code §§ 201 and 202. Defendants' practices include failing to pay at least minimum wage for all time worked, overtime wages for overtime hours worked, failing to pay premium wages for workdays Defendants did not provide, or timely provide, employees all meal periods and rest periods in compliance with California law, and failing to reimburse employment-related expenditures. When Defendants failed to pay its hourly non-exempt workers all earned wages timely upon separation of employment, they knew what they were doing and intended to do what they did.

164.    Pursuant to either California Labor Code §§ 201 or 202, Plaintiff and members of the California Rule 23 Class are entitled to all wages earned prior to separation of employment that Defendants did not pay them.

165.    Pursuant to California Labor Code § 203, Plaintiff and members of the California Rule 23 are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation until paid, up to a maximum of 30 days.

**COLLECTIVE AND CLASS ACTION COMPLAINT** │ No. _____

166. As a result of Defendants' conduct, Plaintiff and members of the California Rule 23 Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation.

167. As a result of Defendants' conduct, Plaintiff and members of the California Rule 23 Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under California Labor Code § 203.

168. Plaintiff and members of the California Rule 23 Class are entitled to recover the full amount of their unpaid wages, continuation wages under § 203, and interest thereon.

### COUNT TEN: VIOLATIONS OF THE UCL

**(Cal. Bus. & Prof. Code § 17200, *et seq.*)**

**(Brought by Plaintiff on Behalf of Herself and Members of the California Rule 23 Class)**

169. Plaintiff hereby incorporates by reference each and every other paragraph in this Complaint as if fully pled herein.

170. Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, including, to wit, by: (a) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (b) failing to provide off-duty rest periods in violation of Labor Code § 226.7; (c) failing to pay all applicable overtime and double-time wages for all hours worked in violation of §§ 510, 1194, and 1198; (d) failing to pay all minimum wages for all hours worked in violation of §§ 1194 and 1197; (e) failing to reimburse all business expenses in violation of § 2802; and (f) failing to provide all employees accurate wage statements in violation of §§ 201-203; and (g) failing to remunerate all employees for all wages due upon separation of employment in violation of §§ 201-203.

**COLLECTIVE AND CLASS ACTION COMPLAINT** │ No. _____

171.    Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

172.    Plaintiff seeks individually and on behalf of other members of the California Rule 23 Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

173.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiff and other members of the California Rule 23 Class the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of all other similarly situated persons, requests this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against Defendants:

A.    For an order conditionally certifying the proposed FLSA Class and certifying the proposed California Rule 23 Class;

B.    For an order appointing Plaintiff as the representative of the FLSA Class and California Rule 23 Class as described herein;

C.    For the Court to declare and find Defendants committed one or more of the following acts:

i.  violated the minimum wage and overtime provisions of the FLSA;

ii. willfully violated the minimum wage and overtime provisions of the FLSA;

iii. violated the minimum wage, overtime, meal-and-rest period, wage

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

statement, expense reimbursement, and timely wage payment requirements of California law.

D. For the Court to award damages and/or restitution in the amounts of all unpaid minimum and overtime wages, premium wages, unreimbursed expenses, and waiting-time penalties due and owing to Plaintiff, the Collective Members, and the Class Members;

E. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and Cal. Lab. Code § 1194.2, in amounts to be determined at trial;

F. For the Court to award prejudgment and post-judgment interest on any damages awarded;

G. For the Court to award all treble damages, interest, attorney's fees and costs owed to Plaintiff and the Class Members under California law including, but not limited to, California Labor Code §§ 218.5, 226, 1194, 2802, and Code of Civil Procedure § 1021.5;

H. For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action under 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

I. For the Court to provide a reasonable incentive award for Plaintiff to compensate her for the time she spent attempting to recover wages for the Collective Members and Class Members and for the risks she took in doing so; and

J. Such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, the Collective Members, and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

DATED: December 9, 2022

Respectfully submitted,

**KABATECK LLP**


By: /s/ *Jerusalem F. Beligan*
    Brian S. Kabateck (SBN 152054)
    bsk@kbklawyers.com
    Shant Karnikian (SBN 285048)
    sk@kbklawyers.com
    Jerusalem F. Beligan (SBN 211258)
    jfb@kbklawyers.com
    633 W. Fifth Street, Suite 3200
    Los Angeles, CA 90071
    Telephone: (213) 217-5000

**THE LAW OFFICES OF SIMON & SIMON**


By: /s/ *James L. Simon*
    James L. Simon (*pro hac vice* forthcoming)
    james@bswages.com
    5000 Rockside Road
    Liberty Plaza – Suite 520
    Independence, OH 44131
    Telephone: (216) 525-8890

By: /s/ *Michael L. Fradin*
    Michael L. Fradin (*pro hac vice* forthcoming)
    mike@fradinlaw.com
    8401 Crawford Ave., Ste. 104
    Skokie, IL 60076
    Telephone: 847-986-5889

*Attorneys for Plaintiff and the Putative Classes*

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

Exhibit A

## CONSENT FORM

1. I consent and agree to pursue my claims for unpaid overtime and/or minimum wages through a lawsuit filed against Language Line Solutions.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act and/or state wage and hour laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court or parties certify this case as a collective or class action. If someone else serves as the class representative(s), then I designate the class representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning fees and costs, the entering into a settlement agreement with my employer, and all other matters pertaining to this action.

4. In the event the case is certified and then decertified, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

DocuSigned by:

*Simone Franco de Andrade Boyce*

A67E251E5B5549E...

Simone Franco de Andrade Boyce

Date: 11/12/2022